## STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

February 26, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**GUARDIAN FIBERGLASS, INC.,**
**Employer Below, Petitioner**

**vs.)    No. 15-0330** (BOR Appeal No. 2049858)
                (Claim No. 2012028476)

**RYAN MOORE,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Guardian Fiberglass, Inc., by T. Jonathan Cook, its attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review.

This appeal arises from the Board of Review's Final Order dated March 12, 2015, in which the Board affirmed a September 4, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's May 24, 2012, decision which denied Mr. Moore's application for workers' compensation benefits. The Office of Judges held the claim compensable for acute sinusitis and toxic effect of mold. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Moore worked as an electrical technician for Guardian Fiberglass, Inc. On March 6, 2012, Mr. Moore sought treatment from Kevin Culbert, D.O., for symptoms related to exposure to mold within his office. Mr. Moore reported to Dr. Culbert that while redecorating his office around February 27, 2012, he discovered patches of mold behind the baseboard of their office. Mr. Moore cleaned the area with diluted bleach, but shortly after he began to experience ongoing respiratory symptoms including sneezing and coughing. He also felt sinus pressure and fatigue. Dr. Culbert believed Mr. Moore's symptoms were the result of exposure to mold particles and

1

airborne mycotoxins. After his examination of Mr. Moore, Dr. Culbert sent an email to Guardian Fiberglass, Inc., recommending that Mr. Moore and three of his co-workers be temporarily removed from their work environment until the area was evaluated by an industrial hygienist and satisfactory remedial measures were adopted. Mr. Moore then filed an application for workers' compensation benefits alleging that he experienced problems with his nasal cavities, chest, and immune systems due to exposure to mold at work. Mr. Moore was also treated by Robert McQueen, M.D., who diagnosed him with unspecified rhinitis, persistent sinusitis, and symptoms associated with toxic effect of mold. Dr. McQueen found no evidence of allergy or pre-existing conditions. He found that Mr. Moore's symptoms had improved while he was off work. He believed that Mr. Moore's symptoms were work related because they arose at the same time as his exposure at work. Dr. McQueen submitted a letter to Guardian Fiberglass, Inc., stating that Mr. Moore's claim should be held compensable for unspecified sinusitis, unspecified allergic rhinitis, and toxic effect of mold. Dr. Culbert also submitted a letter to Guardian Fiberglass, Inc., stating that the air and surface sampling performed by the industrial hygienist did not reveal a greater presence of mold than the ambient outdoor samples. Dr. Culbert determined that Mr. Moore could return to work.

However, on May 24, 2012, the claims administrator denied Mr. Moore's application for workers' compensation benefits because it found that there was no evidence that his disease developed in the course of and resulting from his employment. Following this decision, Christopher Martin, M.D., evaluated Mr. Moore and determined that he did not have any unusual exposure to mold while at work. He found that Mr. Moore's adverse symptoms were not related to his work exposure. He also found that Mr. Moore's complaints were not consistent with the usual effects of toxic exposure to mold. On September 4, 2014, the Office of Judges reversed the claims administrator's decision and held the claim compensable for acute sinusitis and toxic effect of mold. The Board of Review affirmed the Office of Judges' Order on March 12, 2015, leading Guardian Fiberglass, Inc., to appeal.

The Office of Judges concluded that Mr. Moore's claim should be held compensable for acute sinusitis and toxic effect of mold. It found that the record established that Mr. Moore was exposed to black mold at his workplace and developed nasal and respiratory symptoms due to his exposure. The Office of Judges based this determination on the treatment notes of Dr. Culbert and Dr. McQueen who related Mr. Moore's symptoms to his work environment. The Office of Judges noted that Dr. McQueen believed Mr. Moore's condition improved because he remained off work while the mold was being removed from his office. The Office of Judges also considered Mr. Moore's request to add allergic rhinitis as a compensable condition of the claim, but it found that the medical evidence in the record did not demonstrate that he suffered an allergic reaction to mold. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the conclusions of the Board of Review and the findings of the Office of Judges. Mr. Moore has presented sufficient evidence to show that he suffered an occupational disease in the course of and resulting from his employment. The treatment notes of Dr. Culbert demonstrate that Mr. Moore developed numerous respiratory symptoms after being exposed to mold at work. Dr. Culbert attributes the development of these symptoms to his work exposure to

2

mold. Dr. Culbert's opinion is supported by the treatment notes of Dr. McQueen, Mr. Moore's treating allergist, who believed his onset of symptoms was occupationally related. The evidence in the record supports the opinion of Dr. McQueen, and the Office of Judges provided sufficient reasons for relying on his opinion. The belief of Dr. Martin that Mr. Moore was not exposed to unusual levels of mold at work is not supported by the remainder of the record and is not sufficient to overturn the Board of Review's conclusions.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: February 26, 2016**

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II